UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANASH, INC., d/b/a WYOMING
VALLEY YESHIVA, and SHIMON
HELLINGER, *individually and in
his capacity as an authorized
representative of Wyoming Valley
Yeshiva and relevant community
members*,

Plaintiffs

v.

BOROUGH OF KINGSTON, et al.,

Defendants.

CIVIL ACTION NO. 3:24-CV-01955

(MEHALCHICK, J.)

## ORDER

Before the Court is a Motion for a Temporary Restraining Order and Preliminary Injunction filed by Plaintiffs Anash, Inc., ("Anash") d/b/a Wyoming Valley Yeshiva, and Shimon Hellinger ("Rabbi Hellinger"), individually and in his capacity as an authorized representative of Wyoming Valley Yeshiva and relevant community members ("collectively, "Plaintiffs") on December 2, 2024. (Doc. 5). Along with their motion, Plaintiffs filed a brief in support. (Doc. 6).

In the underlying complaint, Plaintiffs claim that the Defendants, the Borough of Kingston ("Borough"), David R. Yefko ("Yefko"), and Robert Suchoski's ("Suchoski") (collectively, "Defendants"), unlawfully condemned Plaintiffs' properties located at 44 Pierce Street and 239 Pierce Street ("Properties"), which were used by Plaintiffs for Orthodox Jewish religious activities. (Doc. 6, at 6). As the Court writes primarily for the parties in addressing the outstanding emergency motion, the procedural and factual background of this matter have been omitted here. Instantly, Plaintiffs request that this Court temporarily restrain and enjoin

Defendants from continuing to restrict access to the Properties and to reverse the condemnation of the Properties. (Doc. 6, at 27).

Both a temporary restraining order and a preliminary injunction constitute "an extraordinary and drastic remedy. . .that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks and citation omitted). Both remedies are intended to preserve the *status quo*. *See Bullock v. Carney*, 463 F. Supp. 3d 519, 523 (D. Del. 2020), *aff'd*, 806 Fed. Appx. 157 (3d Cir. 2020), *and aff'd*, 20-2096, 2020 WL 7038527 (3d Cir. June 4, 2020); *see also Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). To determine whether to issue a temporary restraining order, the court assesses (1) whether the movant has "a reasonable probability of eventual success in the litigation"; (2) whether the movant "will be irreparably injured . . . if relief is not granted"; (3) "the possibility of harm to other interested persons from the grant or denial of the injunction"; and (4) "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176–77 (3d Cir. 2017). Similarly, to determine whether to issue a preliminary injunction, the Court must balance the following factors: (1) whether there is a "reasonable likelihood" of success on the merits; (2) whether there is a likelihood of "irreparable harm" absent the relief sought; (3) the harm to Plaintiffs by denying preliminary injunctive relief outweighs the harm to Defendants; and (4) whether preliminary injunctive relief would serve the public interest. *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 157 (3d Cir. 2002). In assessing these factors, the Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." *Ortho Biotech Products, L.P. v. Amgen Inc.*, 2006 WL 3392939 at *5 (D.N.J.) (quoting *Apollo Tech Corp. v. Centrosphere Indus. Corp.*, 805 F. Supp. 1157, 1205 (D.N.J. 1992)). Indeed, "irreparable injury must be present for a preliminary

injunction to issue." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989); *see also Perry v. Dunlavey*, CA 11-234 ERIE, 2011 WL 5864062, at *2 (W.D. Pa. Oct. 31, 2011), *report and recommendation adopted*, 1:11-CV-234-SJM-SPB, 2011 WL 5863942 (W.D. Pa. Nov. 22, 2011).

Plaintiffs' motion for a temporary restraining order, as it relates to Defendants' condemnation of the Properties, will be denied because Plaintiffs have failed to demonstrate that restricting access to the Properties results in immediate and irreparable harm. "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[T]he claimed injury cannot merely be possible, speculative or remote." *Dice v. Clinicorp, Inc.*, 887 F. Supp. 803, 809 (W.D. Pa. 1995). Plaintiffs provide no support for their implicit conclusion that the Properties' current vacancy will result in "pipes freezing or fires" that "threaten[] irreparable harm for neighboring residents and countless others." (Doc. 6, at 25). In fact, the harm surrounding the Properties' vacancy to neighbors is entirely speculative, as Plaintiffs cite no evidence or reason to believe that the Properties are at-risk for creating a fire or otherwise impact neighboring people or properties. Plaintiffs further provide no support for their assertion that Rabbi Hellinger's inability to access the Properties impairs his religious freedom or ability to act as a religious leader to others. There is no allegation or support for a finding that Defendants are refusing to allow Rabbi Hellinger to practice his religion in any manner or gather with members of his congregation in any location other than the Properties. Thus, Plaintiffs provide no basis for their conclusion that they will surely and immediately suffer the harm they anticipate because of the Properties' condemnation. (Doc. 6).

This Court also cannot conclude that Plaintiffs have made a "clear showing" that they are likely to succeed on the merits of their claims. To meet this factor, Plaintiffs "need[ ] only to show a likelihood of success on the merits (that is, a reasonable chance, or probability, of winning) to be granted relief." *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011). In support of their argument that they are likely to succeed on the merits of their claims, Plaintiffs articulate only that "[t]here is a facially-evident lack of due process in this matter." (Doc. 6, at 14). Plaintiffs contend that there was no opportunity to appeal a zoning ordinance that led to Defendants' condemnation of the Properties; that Defendants "closed down Plaintiffs' Properties in circular reliance on Defendants' own determinations"; and that Defendants "pretended that magisterial citations were filed when they were not." (Doc. 6, at 15). Plaintiffs further summarily conclude, without providing any citations or evidence, that Defendants enforced the zoning ordinance with "discriminatory intent" thus constituting a RLUIPA violation. These allegations do not explain how Plaintiffs are likely to succeed on the merits without further evidence. Considering the extraordinary relief sought by Plaintiffs, namely, nullification of a zoning ordinance and overturning a local condemnation, these showings are insufficient to demonstrate a likelihood of success on the merits.

Plaintiffs have not met their burden here of demonstrating that they would suffer irreparable harm and a likelihood of success on the merits. As such, this Court finds Plaintiffs have failed to make a clear showing that they are entitled to the drastic remedy of the temporary restraining order they seek. *See In re Arthur Treachers Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982) ("a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a [injunctive relief]").

- 4 -

The Court will deny Plaintiffs' request for a temporary restraining order, finding no immediate urgency to issue such relief – whether to lift the condemnations, nullify the zoning ordinance at issue, or restore access to the Properties – and that any substantial change in the *status quo* appears to be unlikely within the next week. However, the Court will address Plaintiffs' request for a preliminary injunction related to the Properties' condemnation. The Court will hold an evidentiary hearing on December 12, 2024 at 2:00 PM to allow for prompt review of the pertinent evidence and to determine whether Defendants should rightfully be enjoined from enforcing the zoning ordinance and restricting access to the Properties as this litigation remains pending.

**AND NOW,** this 6th day of December, 2024, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order is **DENIED**. (Doc. 5). The Court will hold an evidentiary hearing to address Plaintiffs' Motion for a Preliminary Injunction enjoining Defendants from enforcing the zoning ordinance and restricting access to the Properties on **Thursday, December 12, 2024, at 2:00 PM in Courtroom #1 of the William J. Nealon Federal Building and United States Courthouse, 235 North Washington Avenue, Scranton, Pennsylvania. Further, Plaintiffs are to provide notice of this Order and hearing to Defendants, and file with the Court proof that such notice was provided.**

                                                              **BY THE COURT:**


                                                              *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States District Judge**